Matter of John B. v John G. D. (2006 NY Slip Op 51790(U))

[*1]

Matter of John B. v John G. D.

2006 NY Slip Op 51790(U) [13 Misc 3d 1212(A)]

Decided on September 21, 2006

Family Court, Suffolk County

Lynaugh, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 21, 2006

Family Court, Suffolk County
In the Matter of a Custody/Visitation Proceeding John B., Rosemary B., Petitioners,
 against
John G. D., Respondent.
16366-04/06C

Scott J. Gilmore, Esq.
Lynn Poster-Zimmerman, Esq., Law Guardian
David Michael Johnson, Esq.
John G D., Respondent
John and Rosemary B., Petitioners

Barbara Lynaugh, J.
ORDER OF DISMISSAL
In this contested grandparent visitation enforcement proceeding, petitioners-maternal grandparents seek enforcement of an order of this court (Kelley, Ref.), dated 3/3/05, which essentially directs the parties to participate in a therapeutic process for the purposes of restoring the relationship between the grandparents and the subject children, John and Nicholas D., now ages 15 and 12, with the goal of establishing visitation. There is no specific order of visitation.
The children's mother (petitioners' daughter) passed away on 12/5/03, and there is a very strained relationship between the petitioners and respondent-father. Father has apparently now passed his ill feelings towards the grandparents on to his children. The present proceeding is the third petition the grandparents have filed to enforce the 3/5/05 order. The petition alleges that father has willfully failed to comply with the order.
The order provides, inter alia, that "the petitioners and respondent shall cooperate with and attempt to reach agreements regarding visitation with the assistance of the therapist/counselor for the purpose of attaining the goals of restoring and reuniting the relationship between the petitioners with their grandchildren, including the attendance at said therapy." There have been five separate appearances on the present petition, the parties have appeared with counsel, and John and Nicholas have been represented by their Law Guardian, who has represented them since October 2004.
Father did enroll the children in therapy as required, although the first therapist, Dr. Pomerantz, was apparently someone who was known to father. This was not entirely inappropriate as the therapist was also to act as a grief counselor. In any event, the children are seeing a second therapist, Matthew Campbell, Ph.D., who has submitted periodic reports to the court. Dr. Campbell's most recent report, dated 9/18/06, indicates that he has seen the children twice and has seen father twice. He reports that "both children adamantly refuse to participate in any conjoint sessions with their grandparents, stating that if forced to do so, they will become physically violent and attack both [*2]of their grandparents." He further reports that father "remains entrenched in his complete resistance to the children having any contact with grandparents. We believe that unless there is some shift in this resistance by father, children themselves will sabotage any efforts at rejoining with grandparents." Dr. Campbell recommends a meeting between the grandparents and father in an attempt to diffuse the situation, but father has no interest in participating.
Now that the therapeutic process has apparently been ineffective, grandparents want to proceed with a contempt hearing. Under the circumstances herein, the court finds that such a hearing would be unwarranted, as there is no action the court can take to resolve this dispute. Father is seemingly incapable of doing what is necessary to resolve this situation. He has, in fact, enrolled the children in therapy and has participated in that therapy, in compliance with the order. The court cannot order father to open his heart, which is what would be necessary for this most unfortunate situation to change.
There is simply no remedy this court can order to enforce the order as it is written. The court cannot make someone "cooperate and attempt to reach an agreement regarding visitation." Moreover, a hearing in this matter will necessarily involve the children, who apparently are already suffering from the loss of their mother and have demonstrated an extreme amount of hostility toward their grandparents. A hearing in this matter would further traumatize the children and that would be contrary to their best interests. Accordingly, on the court's own motion, it is hereby
ORDERED that the petition herein is dismissed, with prejudice, without a hearing.
[*3]
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.
Dated: September 21, 2006ENTER
_____________________________________
Hon. Barbara Lynaugh
Check applicable box:
 Order mailed on [specify date(s) and to whom mailed]:
 Order received in court on [specify date(s) and to whom given]:
CC: